**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JEFFERY L. EDWARDS,

       Plaintiff,

v.                                                                    Case No.  3:20-cv-01066

I.C. SYSTEM, INC.,

       Defendant.

_____/

## COMPLAINT

   **NOW COMES** Plaintiff JEFFERY L. EDWARDS, by and through his undersigned counsel, complaining of Defendant, I.C. SYSTEM, INC., as follows:

## NATURE OF THE ACTION

   1.    This is an action seeking redress for alleged violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*., violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq.,* and violations of the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. § 559.55 *et seq.*

## JURISDICTION AND VENUE

   2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

   3.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

   4.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

   4.    JEFFERY L. EDWARDS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Green Cove Springs, Florida.

   5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.     Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

8.     I.C. SYSTEM, INC. ("Defendant") is a corporation organized and existing under the laws of Minnesota.

9.     Defendant has its principal place of business at 444 Highway 96 East, Vadnais Heights, Minnesota 55127.

10.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11.    Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

12.    Defendant is a "person" as defined by 47 U.S.C. § 153(39).

13.    Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

14.    At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7008.

15.    At all times relevant, Plaintiff's number ending in 7008 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16.    At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17.    Approximately three years ago, Plaintiff obtained internet services from Comcast for his household.

18.    During the time of service with Comcast, Plaintiff's neighbor was also utilizing the internet services that Plaintiff was paying for without Plaintiff's consent.

19.     Plaintiff telephoned Comcast and requested assistance in seeking to end the services for which his neighbor was utilizing without his consent.

20.     Comcast advised Plaintiff to contact the police, which Plaintiff ultimately did.

21.     Comcast provided no further assistance and would continue to bill Plaintiff for the internet services until Plaintiff canceled.

22.     Plaintiff subsequently disconnected his internet services with Comcast sometime thereafter and incurred an outstanding debt ("subject debt").

23.     Shortly thereafter, the subject debt was assigned to Defendant for collection.

24.     At the time the subject debt was assigned to Defendant, there was an alleged outstanding balance of $176.00.

25.     The alleged debt that Defendant was attempting to collect from Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an obligation or alleged obligation to pay money arising out of a transaction in which the money which is the subject of the transaction are primarily for personal, family, or household purposes.

26.     Plaintiff's alleged balance is a "consumer debt" as defined by Fla. Stat. § 559.55(6).

27.     Defendant began placing telephone calls to Plaintiff in an effort to collect on the subject debt.

28.     Each time Defendant called Plaintiff, he was greeted by a distinct pause and was required to say "hello" numerous times before being connected to a live representative.

29.     Each time Defendant called Plaintiff, they would identify themselves as IC Systems.

30.     In late 2019, Plaintiff answered a call from Defendant and requested that the calls cease.

31.     Nevertheless, the calls persisted.

32.     Each time a phone call was placed to Plaintiff's phone, Defendant utilized a new phone number in an attempt to coerce Plaintiff into answering the phone.

33.     Frustrated with the relentless calls, on September 17, 2020, Plaintiff placed a call to Defendant.

35.     Plaintiff explained to Defendant that he has been receiving calls from various numbers and wanted to confirm that these various numbers were indeed Defendant.

36.     Plaintiff then proceeded to provide Defendant with relevant verification information.

37.     Defendant confirmed with Plaintiff they were calling him to collect on the alleged subject debt.

38.     Plaintiff reiterated his question to Defendant to confirm whether the telephone calls he had been receiving from Defendant were spoofed numbers.

39.     Plaintiff informed Defendant's representative that he is unable to connect to a live representative when he calls back the spoofed numbers.

40.     Defendant confirmed to Plaintiff that they were calling in regards to the alleged subject debt and offered an apology.

41.     Subsequently, Plaintiff advised Defendant that he was working with a financial advisor on his bills.

42.     Plaintiff then reiterated the fact that he has asked Defendant to repeatedly stop calling him.

43.     Despite numerous requests to stop contacting him, Defendant continues to call Plaintiff utilizing various phone numbers in an effort to have Plaintiff answer the phone.

44.     Plaintiff has received numerous phone calls from number(s) leading back to Defendant, including, but not limited to, (800) 443-4123, despite Plaintiff's request(s) for the phone calls to cease.

45.     Upon information and belief, Defendant placed these calls to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") – technology commonly used by debt collectors to place collection calls.

## DAMAGES

46.     Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

47.     Defendant's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

48.     Concerned with having had his rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)**

5

**Violation(s) of 15 U.S.C. § 1692d**

49.      Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

      (5)      Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

50.      Defendant violated 15 U.S.C. § 1692d(5) by repeatedly or continuously calling Plaintiff after being asked to cease.

51.      Defendant's collection calls to Plaintiff were made with specific intent of annoying, harassing, and abusing Plaintiff.

52.      Defendant's intent of having the collection calls be annoying, harassing and abusing is illustrated by the fact Defendant apologized to Plaintiff for the continued calls after being requested to stop.

53.      Defendant's intent of having the collection calls be annoying, harassing and abusing is illustrated by the fact Defendant admitted to using spoofed numbers in hopes to have Plaintiff answer said collection calls.

54.      Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5)  pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)      any actual damage sustained by such person as a result of such failure;

(2)

(A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff, requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. §§ 1692d(5);

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

**COUNT II:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

55.     Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

56.     Upon information and belief, based on the "significant pause" Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

57.     Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

58.     Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, and if there is not a live representative available the call drops, as discussed above.

59.     Upon information and belief, the ATDS employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

60.     As pled above, Plaintiff revoked consent to be called on his cellular telephone on several occasions.

61.     As pled above, Plaintiff was severely harmed by Defendant's collection calls to Plaintiff's cellular telephone.

62.     Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular telephones.

63.     Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

64.     Upon information and belief, Defendant knew that its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

65.     As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

66.     As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B.     an award of statutory damages of at least $500.00 for each and every violation;

C.      an award of treble damages of up to $1,500.00 for each and every violation; and

D.      an award of such other relief as this Court deems just and proper.

**COUNT III:**
**Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq.*)**

67.      Subsection 559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (7)      Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

68.      Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

69.      Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

9

**WHEREFORE**, Plaintiff requests the following relief:

A.      a finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B.      an award of statutory damages of at least $500.00 for each and every violation;

C.      an award of treble damages of up to $1,500.00 for each and every violation; and

D.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: September 22, 2020            Respectfully submitted,

                                      JEFFERY L. EDWARDS

                                      *s/ Alexander J. Taylor*
                                      Alexander J. Taylor, Esq.
                                        Florida Bar #1013947
                                        *Counsel for Plaintiff*
                                        Sulaiman Law Group, Ltd.
                                        2500 Highland Avenue, Suite 200
                                        Lombard, Illinois 60148
                                        (630) 575-8181 (phone)
                                        (630) 575-8188 (fax)
                                        ataylor@sulaimanlaw.com